

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### BILOXI DIVISION

**CONNIE ENGLES**
      PETITIONER

**VERSUS**                                                                              CIVIL ACTION

**MISSISSIPPI COAST COLISEUM COMMISSION,**     NO. 1:03cv881 LG RHW
**ANSCHUTZ ENTERTAINMENT GROUP**
**CONCERTS WEST, LLC AND THE STATE OF**
**MISSISSIPPI**
      DEFENDANTS

### AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come petitioners, Connie Engles who respectfully amends her Complaint as follows:

1.

### Amend Paragraph I. to read as follows:

Petitioner, Connie Engles, is a person of the full age of majority and domiciled in the State of Louisiana.

2.

## Amend Paragraph II. to read as follows:

Made defendants herein are:

A.     Mississippi Coast Coliseum Commission, (hereinafter referred to as "Coliseum") a Mississippi state agency and/or quasi state agency capable of suing and being sued and who owns and operates the Mississippi Coast Coliseum. Said defendant may be served with process upon its registered agent for service through the Executive Director, William F. Holmes, 2350 Beach Blvd., Biloxi, MS 39531

B.     Anschutz Entertainment Group Concerts West, LLC, (hereinafter referred to as "Anschutz") a California corporation domiciled in the State of California, and doing business in the State of Mississippi at all times pertinent. Said defendant may be served with process upon its registered agent for service, Ted Fikre, 1100 S. Flower Street, Suite 3200, Los Angeles, California 90015.

C.     State of Mississippi, a Mississippi state agency capable of suing and being sued. Said defendant may be served with process upon its registered agent for service through the Governor, Ronnie Musgrove, 501 Northwest Street, Woolfolk Building, 15th Floor, Jackson, Mississippi 39201.

D.     Clair Brothers Audio Enterprises, Inc.(hereinafter referred to as "Clair Brothers") a corporation domiciled in the State of Pennsylvania, and doing business in the State of Mississippi at all times pertinent. Said defendant may be served with process upon its registered agent for service, Vice President, Troy Clair, One Ellen Avenue, Lititz, PA 17543.

E.     LSD-Fourth Phase (hereinafter referred to as "LSD") a corporation domiciled in the State of California, and doing business in the State of Mississippi at all times pertinent. Said

defendant may be served with process upon its registered agent for service, President, Jeremiah Harris, 1415 Lawrence Drive, Newbury Park, California 91320.

3.

## Amend Paragraph III. to read as follows:

Jurisdiction in this Court is based upon diversity. Petitioner is domiciled in Louisiana and all defendants are domiciled in the States of Mississippi and California.

4.

## Amend Paragraph IV. to read as follows:

The amount of damages in controversy exceeds $75,000.00.

5.

## Amend Paragraph V. to read as follows:

Petitioner brings this litigation for damages suffered on or about July 19, 2002. Petitioner avers that she sustained damages and injuries as a result of the negligent actions and inactions of defendants, as more fully described herein:

6.

## Amend Paragraph VI. to read as follows:

Petitioner prays and avers that the Court evoke its authority to hear the claims of petitioner, and that pendent jurisdiction be had of these claims, and pursuant to pure diversity.

7.

## Amend Paragraph VII. to read as follows:

On or about July 19, 2002, claimant traveled to Biloxi, Mississippi to view a musical group, "The Eagles" at the Mississippi Coast Coliseum. After going through the entrance line, claimant was proceeding to her seat when she was suddenly caused to trip and fall. The cause of

her fall was due to cables and wires negligently strung across the entrance corridor, a mat which had not been taped down properly, and the lack of lighting and personnel supervision to show or warn of impending danger.

8.

### Amend Paragraph VIII. to read as follows:

After the fall, claimant was attended by security and medical personnel of the Coliseum and received treatment in the first aid area.

9.

### Amend Paragraph IX. to read as follows:

Thereon personnel of the State of Mississippi and/or Coliseum and/or Anschutz and/or Clair Audio and/or LSD came to the location of the wires and mat and taped the mat and wires down to the floor. A security person was also placed by the area with a flashlight to show and warn patrons of the hazards. This was done post facto after claimant's accident.

10.

### Amend Paragraph X. to read as follows:

Claimant avers that at the time of the accident she could not see the wires or mat, and that in following other patrons entering, there is no way a reasonable person could see the danger and hazard. The Coliseum personnel and/or Anschutz and/or Clair Audio and/or LSD knew or should have known of the hazard and danger but failed to take steps to make the area safe or warn, until after the accident.

11.

### Amend Paragraph XI. to read as follows:

As a result of the negligence, negligent omissions and actions of defendant's shown, and

to be shown at time of trial, claimant suffered crippling and disabling injuries, including stress fracture of left femoral, left hip joint effusion, fracture of proximal phalanx of the little toe, herniation of disc at in her spine and other spinal injuries.

12.

**Amend Paragraph XII. to read as follows:**

Claimant has undergone three surgeries and has incurred more than $60,000.00 in medical expenses at present, as a result of the accident and negligence of defendants.

13.

**Amend Paragraph XIII. to read as follows:**

Defendants, State of Mississippi and/or Coliseum, at all times pertinent, was the owner and/or lessor of the Mississippi Coast Coliseum and responsible for the safety and well being of all patrons attending the event being held, in all respects, and at all times pertinent. Defendant, Anschutz was the lessee and/or agent and/or production company promoting and supervising the event at the Coliseum and was responsible for the safety, supervision of all employees and well being of all patrons to the event. Defendants, Clair Audio and LSD were at all times pertinent retained and controlled to act on behalf of Coliseum and Anschutz in providing lighting and sound and laying of wires and cables that were the proximate cause of the accident. The negligence of Anschutz is hereby imputed to the defendant, State of Mississippi and/or Coliseum and the negligence of the State of Mississippi and/or Coliseum is imputed to Anschutz. The negligence of Clair Audio and LSD is imputed to Coliseum and Anschutz. In this premise and premises shown, Anschutz, the Coliseum, Clair Audio and LSD are joint tort feasors in the action and omissions in causing the accident.

14.

**Amend Paragraph XIV. to read as follows:**

At all times pertinent, the Mississippi Coast Coliseum was a state agency and/or quasi state agency capable of suing and being sued and is hereby sued through it legal representative.

15.

**Amend Paragraph XV. to read as follows:**

All defendants are jointly and severally liable for their combined negligence and are strictly liable for the hazard connected with their property and on their property under the circumstances existing and as shown herein and heretofore. Petitioner further avers that defendants are liable for the negligent actions of its employees and/or agents involved in causation of the accident.

16.

**Amend Paragraph XVI as follows:**

Petitioner further avers that defendants, Anschutz, Clair Audio and LSD were at all times promoting and preparing for a concert at the Mississippi Coast Coliseum, site of the accident, and with permission of and in venture with the Coliseum and each other, and that at all times defendant, Anschutz, Clair Audio and LSD, along with the State of Mississippi and/or Coliseum, were responsible for the safety and well being of patrons attending the concert subject of this litigation. That these defendants jointly and severally were responsible for providing safe ingress and egress, safe walkways, lighting and were responsible for adequately supervising the running of cables and mats across the walkways of the Coliseum and providing adequate, safe, lighting, and further, responsible to warn of any potential hazard that might exist and cause harm to petitioner.

17.

**Amend Paragraph XVII. to read as follows:**

Petitioner avers and will show that defendants were grossly negligent and reckless in their actions and inactions and asserts a claim for punitive damages as alleged in Paragraph XVII, for attorney fees and costs to be incurred in bringing this matter, for all actual and compensatory damages, for court costs and pre-judgment interest.

18.

**Amend Paragraph XVIII. to read as follows:**

To the extent that defendants violated a statute of law, defendants are negligent per se.

19.

**Amend Paragraph XIX. to read as follows:**

Should discovery indicate that any and all defendants acted recklessly or were grossly negligent, petitioner is entitled to recover punitive damages. Specifically, petitioner asserts that she is entitled to discovery regarding training supervision, knowledge and efforts to avoid or eliminate the circumstances that led to the accident in question.

20.

**Amend Paragraph XX. to read as follows:**

Petitioner avers that the accident was caused through no fault or negligence on her part, and that the sole and proximate cause of the accident was due to the negligence of the defendants, Coliseum, State of Mississippi, Anschutz, Clair Audio, LSD, XYZ Employees, and/or agents of defendants, which defendants are liable for damages caused by their actions and lack of actions, and not limited to the following acts of negligence:

  A.   Failure to supervise employees at all times pertinent;

B. Failure to warn of impeding danger or hazard;

C. Failure to properly secure the wire cables and mats;

D. Negligently creating a hazard by blocking ingress to the facility with wire cables and mats;

E. Negligently blocking the walkway aisle and entrance to the event;

F. Failing to provide propre lighting and/or warnings;

G. Failure to provide personnel and supervision to warn at all times pertinent;

H. Allowing a hazard to exist and taking no steps to correct or warn; and

I. Any and all other acts of negligence which will be proven at time of trial.

## DAMAGES

21.

**Amend Paragraph XXI. to read as follows:**

Petitioner avers that as a result of the negligence and gross negligence of defendants, petitioner has suffered damages not limited to the following:

| | | | |
|---|---|---|---|
| a. | Mental pain and anguish<br>Past, present and future | | $1,000,000 |
| b. | Physical pain and suffering and disability<br>past, present and future | | $1,000,000 |
| c. | Medical expenses relating to accident<br>Past, present and future | | $250,000 |
| d. | Loss of earnings<br>Past, present and future | | $1,000,000 |
| e. | Compensatory damages | | To Be Determined |
| f. | Attorney fees | | To Be Determined |
| g. | Statutory and punitive damages | | To Be Determined |

| | | |
|---|---|---|
| h. | Pre-Judgment Interest | To Be Determined |
| i. | General damages and personal Injuries | $400,000 |
| j. | Other damages to be shown at the time of trial. | To Be Determined |
| k. | If circumstances justify such an award, Punitive Damages | To Be Determined |

22.

### Amend Paragraph XXII. to read as follows:

Petitioner brings this tort claim against the State of Mississippi or its applicable agent, agencies or employees and/or Coliseum as a result of an accident and injuries sustained at the Mississippi Coast Coliseum in Biloxi, Mississippi. Claimant represents that the State of Mississippi, nor its employees connected have immunity under the Mississippi Tort Claims Act. Claimant states that she has noticed defendants and pursuant to and in conformity with Miss. Code Ann. 11-46-9 and 11-46-11 and service of the complaint against the Mississippi Coast Coliseum until such time that these defendants have had an opportunity to investigate.

23.

### Amend Paragraph XXIII. to read as follows:

Petitioner prays for a trial by jury.

WHEREFORE, petitioner, Connie Engles prays that defendants, State of Mississippi, Mississippi Coast Coliseum, Clair Brothers Audio Enterprises, Inc., LSD-Fourth Phase, and Anschutz Entertainment Group be served with a copy of this petition, that they be cited to appear and answer same, and that after due proceedings are had, there be judgment rendered in their favor and against defendants, for all damages that are reasonable in the premises, including compensatory and punitive for court costs, attorney fees and pre-judgment interest on all amounts

from the date of judicial demand until paid, for the costs of these proceedings, including expert witness fees, and for all general and equitable relief available in such circumstances.

RESPECTFULLY SUBMITTED,

SHIELDS & SHIELDS, APLC

_____
JAMES E. SHIELDS, SR. (#12020)
30 New England Court
Gretna, LA 70053
(504) 368-2404

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed on this 8th day of November, 2004.

BY: _____